# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFERY HALL,

    *Plaintiff*,                        CASE NO. 08-13498

v.                                  DISTRICT JUDGE DENISE PAGE HOOD
                                    MAGISTRATE JUDGE CHARLES E. BINDER

KHAWAJA IKRAM, *Doctor*,
PANDYA, *Doctor*,
STEVEN MCLAIN,

    *Defendants.*
                                  /

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### II.    REPORT

#### A.    Background

By order of U.S. District Judge Denise Page Hood, this prisoner civil rights action was referred to the undersigned magistrate judge for general case management on September 26, 2008. (Doc. 4.) At the time Plaintiff filed this action, he was incarcerated in the Michigan Department of Correction's (MDOC) Parnall Correctional Facility in Jackson, Michigan. Plaintiff's complaint alleging deliberate indifference to his serious medical needs was filed on August 13, 2008, and his application to proceed *in forma pauperis* was granted on August 21, 2008. The original complaint

named Dr. Ikram and Dr. Pandya as defendants. On January 20, 2009, the Court granted Plaintiff's motion to amend his complaint, which had the effect of terminating Dr. Pandya as a defendant and adding Steven McLain. (Doc. 11.) At that time the Court also noted that the Marshal had been unable to serve process on Dr. Ikram by mail[1] and therefore the Court directed the Marshal to proceed with personal service on Defendant Ikram (*see id.*), which to date has been unsuccessful. On June 16, 2009, Defendant McLain filed a motion to dismiss for failure to exhaust administrative remedies. (Doc. 17.) The undersigned recommended the grant of this motion on October 14, 2009, (Doc. 24) and the recommendation was adopted by the Judge Hood on February 12, 2010, terminating Defendant McLain as a defendant in the case.[2] (Doc. 25.) Therefore, the present status of the case is that the sole remaining defendant has not been served.

    **B.**    **Plaintiff's Failure to Move Forward the Litigation**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court procedures and deadlines, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), such as a litigant's "duty to inform the

---

[1] The first attempt to serve process on Dr. Ikram by mailing the complaint and a Notice of Lawsuit and Request for Waiver of Service of Summons to the doctor at Duane Waters Health Center resulted in a letter from that facility dated October 20, 2008, stating that they were not authorized to accept service on Dr. Ikram's behalf and that the doctor could be served by mailing the documents to Correctional Medical Services (CMS). The U.S. Marshal's office re-mailed the documents to Dr. Ikram at CMS on November 3, 2008. The waiver was never returned.

[2] After Defendant McLain was terminated as a defendant on February 12, 2010, he filed a Motion for Order Granting Judgment and Dismissing Case on February 22, 2010, which is pending and would be resolved if this Report and Recommendation is adopted. (Doc. 26.)

court of address changes." *Rodriguez v. Bullis*, No. 9;06-CV-0577, 2007 WL 805269, at *2 (N.D.N.Y. Feb. 5, 2007) (unpublished).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151 (6th Cir. 1987) (unpublished).

In this case, the MDOC's Offender Tracking Information System shows that Plaintiff Hall was released on parole four months ago, on November 17, 2009. Since that time, Plaintiff has not informed the Court of his new mailing address. In fact, the docket reveals that there has been no correspondence from Plaintiff regarding this case since August 2009, and all correspondence mailed to Plaintiff since his parole has been returned as undeliverable. Therefore, I find that Plaintiff has failed to actively pursue the litigation that he initiated and recommend that the case be *sua sponte* dismissed for failure to prosecute.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                          s/ *Charles E Binder*
                          CHARLES E. BINDER
Dated: March 29, 2010       United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christine Campbell, and served by first class mail on Jeffery Hall, #139626, Ryan Correctional Facility, 17600 Ryan Rd., Detroit, MI, 48212, and on District Judge Hood in the traditional manner.

Date: March 29, 2010            By    s/*Jean L. Broucek*
                                         Case Manager to Magistrate Judge Binder